UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENKI RODRIGUEZ-MORALES,

                Plaintiffs,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

24-CV-9766 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Enki Rodriguez-Morales, who is appearing *pro se*, brings this civil action against the Commissioner of Social Security.[1] He uses a court-issued form for actions seeking court review of a decision of an Administrative Law Judge regarding social security disability benefits. The action, however, does not relate to Plaintiff's appeal of a decision regarding his benefits. Rather, it concerns claims involving the Federal Bureau of Investigations ("FBI") and the New York City Police Department ("NYPD").

      By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed this action in the United States District Court for the Eastern District of New York, and that court transferred the action here on December 18, 2024.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

As noted above, Plaintiff completed a court-issued form for individuals seeking review of a decision regarding disability benefits. In the section asking Plaintiff to describe his disability, he states, "I am dealing with identity fraud by the NYPD and the FBI[.] "[T]hey both committed identity fraud."[2] (ECF 1, at 1.) He includes dates in the form suggesting that he exhausted his administrative remedies with the Social Security Administration. On the signature page, however, he writes, "FBI Agent Joseph was handing out social security cards to launder Pablo Escobar money he stole from the Drug Enforcement Agency in the 90's. There were at least 400 copies. Julie, DEA Julia, DEA." (*Id.* at 3.)

Around the same time Plaintiff filed this action, he also filed 37 other civil actions, many of which referred to Agent Joseph. *See Rodriguez-Morales v. Joseph*, No. 24-CV-9767 (LTS)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

(S.D.N.Y. Mar. 26, 2025). By order dated January 29, 2025, the Court consolidated the 37 actions and dismissed each of the complaints in the consolidated action for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court granted Plaintiff 30 days' leave to file a single amended complaint. Plaintiff did not file an amended pleading, and judgment entered on March 26, 2025. After judgment was entered, Plaintiff filed an amended complaint against a new set of defendants, including Apple, Meta, and Facebook. In an order dated April 7, 2025, the Court construed the amended complaint as including a motion for reconsideration and denied the motion.

## DISCUSSION

**A.     Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not include sufficient factual allegations to comply with Rule 8 because Plaintiff does not state any facts suggesting that any named defendant – or any individual – violated his rights. The allegations are substantially similar to the allegations contained in each of the complaints in the consolidated action. Because Plaintiff does not state

3

any facts in support of a viable federal claim against a named defendant, he fails to state a claim on which relief may be granted, and the Court dismisses the complaint on this basis. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Leave to amend may be denied, however, if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Because the Court provided Plaintiff with the opportunity to amend his complaint in the consolidated action, which raised allegations similar to those raised here, and he did not do so,[3] the Court declines to grant Plaintiff an opportunity to amend in this action.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

---

[3] Although Plaintiff filed an amended complaint after the consolidated action was closed, the amended pleading was dismissed because it named entirely new defendants who were not named in any of the original complaints in the consolidated action and the amendment therefore did not comply with the January 29, 2025 order.

4

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## WARNING

In addition to the consolidated action, which included 37 separate actions, Plaintiff previously filed another action in this court that was dismissed for failure to state a claim because Plaintiff did not comply with Rule 8 of the Federal Rules of Civil Procedure, *see Morales v. The Whole Entire New York Police Dep't*, No. 24-CV-4778 (LTS) (S.D.N.Y. Jan. 15, 2025); a duplicative action of the 24-CV-4778 action also was dismissed, *see Rodriguez Morales v. The New York Police Dep't*, No 24-CV-6533 (LTS) (S.D.N.Y. Nov. 7, 2024). In light of this litigation history, the Court warns Plaintiff that should he continue to file substantially similar complaints to the complaints filed in the instant action, the consolidated action, and the 24-CV-4778 action, or continue the practice of filing numerous cases that are substantively duplicative, the Court may issue an order barring Plaintiff from filing new actions IFP, unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court warns Plaintiff that should he continue to file substantially similar complaints to the complaints filed in the instant action, the consolidated action, and the 24-CV-4778 action, or continue the practice of filing numerous cases that are substantively duplicative, the Court

may issue an order barring Plaintiff from filing new actions IFP, unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 22, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge